S. LAWRENCE BULLOCK, APPELLANT, v. THE TOWNSHIP OF NORTHAMPTON, IN THE COUNTY OF BURLINGTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND RICHARD LAMB, RESPONDENTS.

Argued June 23, 1919—Decided November 17, 1919.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"Justice Kalisch set aside the election which was held on general election day in November last, on the ground that the notice of meeting of the council at which the petition was adjudged sufficient was not advertised as required by law, following our recent decision in *Cooper* v. *Frelinghuysen*, reported *sub nom. Michelsohn* v. *Wall.* This writ is to review his decision.

"The first point which we take up is, that Lamb, the contestant, was in laches, and that Mr. Justice Kalisch should have denied him relief on that ground. We do not find any indication in his conclusions that the point was made before him, and, as it depends on the assumption that Lamb could and should have acted sooner than he did, we proceed to that question, which is closely connected with the point that the summary review provided by the statute is not the proper method of attacking steps in the procedure preceding the election itself. The argument is this: The council acted on June 20th; this was too late to secure a special election be-

fore July 1st, so, under the act, it had to go over to the general election. Lamb, the contestant, could have attacked the action of the council by *certiorari* in the meantime, and did not do so. He permitted the election to take place, and after its result had been determined obtained a summary review, under section 25, pursuant to which the election was ordered set aside. Prosecutor now claims, first, that the language of the section 'may contest the validity of the election' by filing a petition within ten days after the result has been determined is 'limited to matters directly arising out of or incidental to the election.' He conceded that this might include questions relating to the notice of such election, but denies that it includes the fundamental requirement of a legal council meeting to pass on the petition; and thus any objector is limited to a *certiorari* of any matters relating to the action of the council, and, as claimed, should sue out that writ promptly and not wait until the election has taken place.

"We think that this view of section 25 is altogether too narrow. If it be adopted, a contestant has no remedy but a *certiorari* respecting occurrences of a preliminary character, if the action of the council be an approval of the petition, while, if it disapproves, its action may be summarily reviewed at the instance of a partisan of prohibition under section 9. We think it most unreasonable to say that the legislature intended to deny a summary review to an objector of any matter except the actual conduct of the election. The validity of the election is something that hangs not only upon the proceedings on and just before election day, but upon the substantial correctness of the procedure whereby an election is ordered. If that be invalid, so is the election. The point is now made for the first time, so far as we know. We think it is not well taken, and that the summary review under section 25 applies to the general invalidity of the election, including matters of a preliminary character.

"This disposes of the matter of laches; for a contestant has the option of resorting to either a *certiorari* or a summary review; and if he choose the latter, he must wait until after

the determination of the election, for this is the time fixed by statute.

"It is further argued that the justice erred in holding that the order for election, and the approval of the petition on which it is based, were invalid, because of insufficient newspaper advertisement. Recognizing our decision in the Frelinghuysen case as of binding force until reversed or overruled, the present attempt is to distinguish it, because of the fact existing in this case that five days did not intervene between the publication day of the newspaper and the date selected by the clerk for the meeting, which happened to be the earliest date permitted by the statute. The act says not less than eight nor more than twelve days, exclusive of Sundays, from the date of filing the petition. *Pamph. L.* 1918, *p.* 16, § 2. The petition was filed June 12th, and the meeting called for June 20th, 1918, just eight days; *including* a Sunday. Passing the point that this seems to be only seven days, exclusive of Sundays, which was apparently not made, prosecutor claims that the clerk is by law entitled, exclusive of all other considerations, to choose any day from the eighth to the twelfth, after the petition is filed, and if by choosing an earlier day, as the ninth, it is impossible to have proper advertisement published in a weekly paper issued, say on the sixth, there is no obligation on the clerk to select a later day in order to comply with what we have held a five days' requirement, but this requirement must yield to the option of the town clerk. Such a view, we think, wholly untenable. In all likelihood, the maximum of twelve days was fixed so that if the petition were filed on a publication day, and the next should be a week away, the notice could still be lawfully published by selecting the twelfth, or even the eleventh, day, exclusive of Sundays. We think it clear that where both requirements can be complied with by a proper selection of a date, it seems futile to argue that by prescribing a minimum and maximum limit for the meeting, the legislature intended to authorize the clerk to disregard a definite requirement as to length of notice.

"The only remaining matter involved in the case was the ruling with regard to the soldier vote, and, as this was in favor of prosecutor and our decision turns on other grounds, it needs no discussion at this time.

. "The writ will be dismissed."

For the appellant, *Collins & Corbin.*

For Northampton township, *V. Claude Palmer.*

For Charles Lamb, *Harry Heher.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 11.

*For reversal*—None.